IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 11 |
| COGNISTAR CORPORATION, | Case No. 04-11718 (JBR) |
| Debtor. | Ref. No. 17 |

ORDER UNDER 11 U.S.C. §§ 105, 363 AND 365 AND FED. R. BANKR. P. 2002(a)(2) AND (c)(1), 6004 AND 6006: (A) AUTHORIZING AND APPROVING BIDDING PROCEDURES AND BREAKUP FEE IN CONNECTION WITH PROPOSED SALE OF SUBSTANTIALLY ALL ASSETS OF THE DEBTOR FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS AND PROPOSED ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS; (B) SCHEDULING A HEARING TO CONSIDER APPROVAL OF SALE OF SUBSTANTIALLY ALL ASSETS OF THE DEBTOR AND ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS; (C) PRESCRIBING MANNER OF NOTICE OF SUCH HEARING; (D) AUTHORIZING AND APPROVING ASSET PURCHASE AGREEMENT WITH RED RIVER RESOURCES, INC. OR ANOTHER BIDDER PROVIDING A HIGHER OR OTHERWISE BETTER OFFER; (E) AUTHORIZING THE SALE OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS; (F) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS; AND (G) GRANTING OTHER RELATED RELIEF

Cognistar Corporation, a Massachusetts corporation ("Cognistar" or the "Debtor"), has filed with the Court the Debtor's Motion for Order (A) Authorizing and Approving Bidding Procedures and Breakup Fee in Connection With Proposed Sale of Substantially All Assets of the Debtor Free and Clear of Liens, Claims, Encumbrances and Interests and Proposed Assumption and Assignment of Executory Contracts; (B) Scheduling a Hearing to Consider Approval of the Sale of Substantially All Assets of the Debtor and Assumption and Assignment of Executory Contracts; (C) Prescribing the Manner of Notice for Such Hearing; (D) Authorizing and Approving Asset Purchase Agreement with Red River Resources, Inc. or Another Bidder Providing a Higher or Otherwise Better Offer; (E) Authorizing the Sale of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances and Other Interests; (F) Authorizing the

Assumption and Assignment of Certain Executory Contracts; and (G) Granting Other Related Relief (the "Sale Motion").

The Sale Motion requests, inter alia, that this Court authorize the Debtor to sell substantially all of its assets (the "Purchased Assets") to Red River Resources, Inc. ("Red River") or another bidder providing a higher or otherwise better, offer free and clear of liens, claims, encumbrances and interests pursuant to the terms of the Asset Purchase Agreement dated as of June 9, 2004 between the Debtor and Red River or a similar Asset Purchase Agreement with such other bidder (the "Purchase Agreement"). Capitalized terms defined in the Purchase Agreement and not otherwise defined herein are used herein with the meanings assigned to them in the Purchase Agreement. The Debtor has requested that this Court approve such sale, and assignments of executory contracts, as being free and clear of all liens, claims, encumbrances, mortgages, security interests, conditional sale or other title retention agreements, pledges, liens, judgments, demands, easements, restrictions or charges of any kind or nature, if any, including, but not limited to, any restriction on the use, transfer, receipt of income, or other exercise of any attributes of ownership ("Liens"), pursuant to sections 105, 363(b), (d) and (f), and 365, of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002(a)(2), (c)(1), 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

After a hearing held on June 29, 2004, this Court entered an Order Approving Bidding Procedures and Breakup Fee (the "Sale Procedure Order") approving certain procedures for sale and the form of notice of the Sale Motion (the "Notice of Sale"). The Sale Procedure Order provides that the sale of the Purchased Assets to the Buyer would be subject to the consideration of higher and better counteroffers or bids and an auction to be conducted in this court (the "Auction"). The Sale Procedure Order also provides for a deadline for objections to assumption

and assignment of certain executory contracts that are required to be assigned under the terms of the Purchase Agreement and a form of notice to non-debtor parties to such executory contracts (the "Assigned Contract Notice"). The Debtor has filed with this Court a certificate of service of the Notice of Sale and a certificate of service of the Assigned Contract Notice. The Debtor has placed a legal notice in Wall Street Journal in a form approved in the Sale Procedure Order as evidenced by a certificate filed with this Court.

NOW THEREFORE, after reviewing pleadings filed by the Debtor, and based on all of the evidence, including proffered testimony at a hearing on the Sale Motion on August 25, 2004 (the "Sale Hearing"), representations and offers of proof made by counsel, and argument of counsel, and on the entire record of the Sale hearing and the Case (as such term is defined below), all objections having been resolved, withdrawn or overruled, and there appearing good cause therefore:

IT IS HEREBY FOUND AND CONCLUDED, pursuant to Rule 7052 and 9014 of the Bankruptcy Rules, that:

A.  On June 9, 2004 (the "Petition Date"), the Debtor commenced this case (the "Case") by filing an original, voluntary petition under Chapter 11 of the Bankruptcy Code. The Debtor manages its property as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. Cognistar sells e-Learning courseware and services targeted toward the professional and corporate training market.

B.  This Court has jurisdiction over this matter pursuant to Sections 157 and 1334 of title 28 of the United States Code (the "Judicial Code"). This is a core proceeding pursuant to Section 157(b)(2) of the Judicial Code. Venue of the Case in this District is proper pursuant to

Section 1408(a) of the Judicial Code, and venue of this contested matter is proper pursuant to Section 1409(a) of the Judicial Code.

C. The Debtor has complied with the notice procedures set forth in the Sale Procedure Order. The form and service of the Notice of Sale and the form of, notice of, and opportunity to be heard on, the Sale Motion were proper, timely, adequate and sufficient and meet the requirements of Bankruptcy Code Sections 102(1), 363(b) and 365, Bankruptcy Rules 2002, 6004 and 6006, are reasonably calculated to give actual notice of the relief contemplated hereby, and are appropriate under the circumstances.

D. Creditors, parties-in-interest and other entities have been afforded a reasonable opportunity to bid for the Purchase Assets, under the procedures set forth in the Sale Procedure Order.

E. All secured parties with Liens on any of the Purchased Assets have either consented to or have received notice and not objected to the sale of the Purchased Assets free and clear of such Liens, with such Liens to attach to the proceeds of the sale or could be compelled, in a legal or equitable proceeding to accept monetary satisfaction of such Lien. Karl Eller ("Eller") has expressly consented to the sale free and clear of the Liens in favor of Eller, and the Purchased Assets are to being conveyed to the Buyer subject to the Lien securing the Secured IRS Claim (as such term is defined in the Purchase Agreement) (the "IRS Lien").

F. Red River (the "Buyer") has submitted the highest and otherwise best offer to purchase the Purchased Assets.

G. The approval of the Purchase Agreement, and consummation of the transactions contemplated thereby, is in the best interest of the Debtor, its estate and its creditors. The

determination of the Debtor to enter into the Purchase Agreement, including the provisions assigning to Buyer the Assigned Contracts, is within the reasonable business judgment of the Debtor. In light of the deteriorating condition of the Debtor's business, the adequacy of the Notice of Sale and the marketing effort for the Purchased Assets, and the good faith arms length nature of the sale, there is good cause and sound business reason to conduct and approve a sale of substantially all of the Debtor's assets before confirmation of a plan of reorganization.

H. As a condition to the purchase of the Purchased Assets, the Buyer requires that such assets be sold free and clear of all Liens (except the IRS Lien) and that the Buyer not have any liability for any liabilities of the Debtor or its estate other than Assumed Liabilities.

I. No fees or commissions relating to the Purchased Assets are owed by the Debtor. Buyer has no obligation for payment of fees or commissions.

J. The Debtor or its professionals have been in contact with approximately sixty (60) prospective purchasers regarding purchase of the assets of the Debtor. Several of these prospective purchasers executed confidentiality agreements and conducted limited due diligence on the assets of the Debtor. Buyer is an insider of the Debtor. As no Qualified Bids were received, the Debtor did not hold the Auction and the Buyer submitted the highest and best offer for the Purchased Assets. Buyer is a good faith purchaser of all of the Purchase Assets (including the Assigned Contracts) within the meaning of Section 363(m) of the Bankruptcy Code. No party has alleged any conduct that would constitute improper agreements or conduct under Bankruptcy Code Section 363(n). No party has engaged in any conduct that would permit the avoidance of the sale of the Purchase Assets to Buyer, the recovery of excess value and other costs or the imposition of punitive damages, pursuant to Section 363(n) of the Bankruptcy Code.

K.  It is necessary and appropriate, in order to ensure the validity of the sale contemplated hereby and to ensure compliance with this Sale Order, for this Court to retain jurisdiction to: (a) interpret and enforce the provisions of the Purchase Agreement, the Sale Motion, the Sale Procedure Order and this Sale Order, (b) protect the Buyer, and any of the Purchased Assets, against any Lien; (c) compel delivery to the Buyer of Purchased Assets in the possession of parties other than the Debtor, including a determination that any of the Purchased Assets was property of the estate as of the Closing Date; (d) resolve any disputes arising under or relating to the Purchase Agreement, the Sale Motion, the Sale Procedure Order and this Sale Order; and (e) determine the validity, extent and priority of alleged pre-Closing Liens on the Purchased Assets and the proceeds thereof.

L.  It is in the best interests of the Debtor, its creditors and its estate that this Court enter this Sale Order authorizing the Debtor, pursuant to Bankruptcy Code Sections 105, 363 and 365: (a) to consummate the transactions contemplated by the Purchase Agreement and the Sale Motion, and (b) to sell the Purchased Assets to the Buyer as contemplated thereby, free and clear of all Liens, with all such Liens attaching to the proceeds of such sale.

M.  The Debtor has provided adequate assurance of payment from the Buyer of amounts necessary to cure defaults under the Assigned Contracts, within the meaning of Section 365(b)(1)(A) of the Bankruptcy Code, by the undertaking to pay such cure amounts on the terms set forth on the record at the Sale Hearing and in the Sale Procedure Order.

N.  The Debtor has provided adequate assurance of future performance by the Buyer, as assignee, for the Assigned Contracts, within the meaning of Bankruptcy Code Section 365(b)(1)(C).

O. Any provision of such Assigned Contracts in the nature of a prohibition on assignment is an impermissible restriction on the assignment of such contracts, and is void and unenforceable pursuant to Bankruptcy Code Section 365(f)(1).

P. The Debtor has not made any motion to reject any Assigned Contract.

WHEREUPON, IT IS HEREBY ORDERED THAT:

Approval of Sale Free and Clear

1. The Sale Motion, as modified and superseded hereby, is granted and any and all objections to the Sale Motion are hereby overruled. The sale to Buyer and the Purchase Agreement is approved; provided, however, that the Purchase Price set forth in Section 1.5.1, shall be increased by the amount of $25,000 cash, which shall be paid at closing.

2. The Debtor is authorized and directed to consummate the transactions contemplated by the Purchase Agreement of the, the Sale Motion and this Sale Order and to sell the Purchased Assets to Buyer pursuant to the Purchase Agreement.

3. Pursuant to 11 U.S.C. §§ 105(a) and 363(f), upon Closing, the Purchased Assets shall be transferred by the Debtor to the Buyer free and clear of all Liens (except the IRS Lien), with all such Liens (except the IRS Lien) to attach to the net proceeds of the sale, with the same validity, enforceability, priority, force and effect that they now have as against the Purchased Assets, subject to the rights, claims, defenses and objections, if any, of the Debtor and all interested parties with respect to such Liens.

4. Except as otherwise provided in the Purchase Agreement and documents executed in connection therewith, the Buyer is not assuming nor shall it in any way whatsoever be liable or responsible, as a successor or otherwise, for any liabilities, debts, commitments or obligations (whether known or unknown, disclosed or undisclosed, absolute, contingent, inchoate, fixed or

otherwise) of the Debtor or any liabilities, debts, commitments or obligations in any way whatsoever relating to or arising from the Purchased Assets or the Debtor's operations or use of the Purchased Assets on or prior to the Closing Date or any such liabilities, debts, commitments or obligations that in any way whatsoever relate to periods on or prior to the Closing Date or are to be observed, paid, discharged or performed on or prior to the Closing Date (in each case, including any liabilities that result from, relate to or arise out of tort or other product liability claims), or any liabilities calculable by reference to the Debtor or Debtor's affiliates or their assets or operations, or relating to continuing conditions existing on or prior to the Closing Date, which liabilities, debts, commitments and obligations are hereby extinguished insofar as they may give rise to successor liability, without regard to whether the claimant asserting any such liabilities, debts, commitments or obligations has delivered to the Buyer a release thereof. Without limiting the generality of the foregoing, except as provided in the Purchase Agreement and documents executed in connection therewith or by federal statute, the Buyer shall not be liable or responsible, as a successor or otherwise, for the Debtor's or Debtor's affiliates' liabilities, debts, commitments or obligations, whether calculable by reference to the Debtor's or Debtor's affiliates, arising on or prior to the Closing Date and under or in connection with (i) any employment or labor agreements, consulting agreements, severance agreements, change-in-control agreements or other similar agreement to which the Debtor is a party, (ii) any welfare, compensation or other employee benefit plans, agreements, practices and programs, (iii) the cessation of the Debtor's' operations, dismissal of employees, or termination of employment agreements or welfare, compensation or other employee benefit plans, agreements, practices and programs, obligations that might otherwise arise from or pursuant to the Employee Retirement Income Security Act of 1974, as amended, the Fair Labor Standard Act, Title VII of the Civil

Rights Act of 1964, the Age Discrimination and Employment Act of 1967, the Federal Rehabilitation Act of 1973, the National Labor Relations Act, the Consolidated Omnibus Budget Reconciliation Act of 1985, the Worker Adjustment and Retraining Notification Act, or the Massachusetts Wage Act, Massachusetts General Laws c. 149, §148 *et seq.*, (iv) workmen's compensation, occupational disease or unemployment or temporary disability insurance claims, (v) environmental liabilities, debts, claims or obligations arising from conditions first existing on or prior to Closing Date (including, without limitation, the presence of hazardous, toxic, polluting, or contaminating substances or wastes), which may be asserted on any basis, including, without limitation, under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601 et seq., (vi) any bulk sales or similar law, (vii) any liabilities, debts, commitments or obligations of, or required to be paid by, the Debtor for any taxes of any kind for any period, (viii) any liabilities, debts, commitments or obligations for any transfer taxes, (ix) any litigation, (x) any products liability or similar claims, whether pursuant to any state or any federal laws or otherwise, (xi) any liability arising out of any federal or state securities law, and (xii) any liability arising out of the federal False Claims Act, 31 U.S.C. 3729, et seq., or any similar state or local false claims and reporting act.

5. Except as expressly permitted by the Purchase Agreement, all persons and entities, including, but not limited to, all holders of the Debtor's indebtedness, debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, trade and other creditors, holding liens against the Purchased Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or noncontingent, senior or subordinated), arising on or before Closing Date, or out of, under, in connection with, or in any way relating to, events occurring prior to the Closing Date, with respect to the Purchased Assets hereby are forever

barred, estopped, and permanently enjoined form asserting such Liens (except the IRS Lien) of any kind and nature against the Buyer, its successors or assigns, their property, or the Purchased Assets.

6. The Buyer shall not be liable for any Liens or other claims against the Debtor, except the Assumed Liabilities (as defined in the Purchase Agreement) and the obligation to pay the Cure Obligations (as such term is defined the Sale Procedure Order) and other assumed liabilities as may specifically be set forth in the Purchase Agreement, and the transfers of the Purchased Assets by the Debtor to the Buyer pursuant to the Purchase Agreement does not and will not subject the Buyer to any liability as a successor of the Debtor.

7. Except with respect to the Assumed Liabilities and the obligation to pay the Cure Obligations, the Buyer is not assuming nor shall it in any way whatsoever be liable or responsible, as successor or otherwise, for: (a) any liabilities, debts or obligations of the Debtor, or (b) any liabilities, debts or obligations in any way relating to or arising from the Purchase Assets or the business incurred prior to the Closing Date. Except as may be required by applicable law, statute or regulation, and except as provided in the Purchase Agreement, the Buyer shall not be deemed to be the successor of the Debtor or have assumed any liability for or responsibility to administer any of the Debtor's health, benefit or any other employment related plans.

8. All Liens on the Purchased Assets as of the date hereof (except the IRS Lien) are hereby deemed to attach to the Purchase Price at Closing.

9. The Debtor is authorized to assume the Assigned Contracts pursuant to Section 365(a) of the Bankruptcy Code and assign such agreements to the Buyer pursuant to Section

365(f) of the Bankruptcy Code. The assumption and assignment of each of the Assigned Contracts is effective as of the date of Closing.

10. Within ten (10) days after the entry of this Sale Order but in any event at or before the closing of the sale pursuant to the Purchase Agreement, the Buyer shall pay the Cure Obligations to the counterparty to each of the Assigned Contracts or, if Cure Objections (as such term is defined in the Sale Procedure Order) have been timely filed by a counterparty with respect to any Assigned Contracts and remain unresolved, the Buyer shall deposit the cure amount asserted by such counterparty in a segregated account maintained by the Debtor as provided in the Sale Procedure Order pending further order of the Court. Upon resolution of the Cure Objections, any surplus funds deposited with the Debtor after payment of Cure Obligations shall be returned to Buyer.

11. Each of the Assigned Contracts is in full force and effect and free from default, except as hereinafter provided:

    a. Pursuant to Section 365(b)(2) of the Bankruptcy Code, any default in such agreement arising from the insolvency or financial condition of the Debtor prior to the commencement of the above-captioned chapter 11 case, or from the commencement by the Debtor of the above-captioned chapter 11 case, is of no force and effect, null and void, and unenforceable.

    b. Pursuant to Section 365(f)(1) of the Bankruptcy Code, any defaults under such agreement arising from the assignment thereof by the Debtor to the Buyer are of no force and effect, null and void, and unenforceable.

c. Pursuant to Section 365(f)(3) of the Bankruptcy Code, any defaults under such agreement arising from other provisions of such agreement that would prevent the assignment to Buyer or prohibit Buyer's intended use of the leased premises, are of no force and effect, and such provisions are null and voice, and unenforceable.

12. The Debtor's only default under the Assigned Contracts (except for any defaults found to be unenforceable in paragraphs 8(a), (b) and (c) above) is the nonpayment of the Cure Amount which default shall be cured, within the meaning of Bankruptcy Code Section 365(b)(1)(A), pursuant to the provision of paragraph 8 hereof. Upon the Buyer's payment of the Purchase Price to the Seller and payment of such Cure Amount or deposit of funds with the Debtor sufficient to pay such Cure Amount, such default shall be cured and shall not be actionable and any and all defaults, whether or not enumerated herein, shall be, and hereby are, deemed cured pursuant to Bankruptcy Code Section 365(b)(1)(A).

13. Any non-debtor party to, or alleged beneficiary of, any of the Assigned Contracts is hereby forever barred and enjoined from enforcing or seeking to enforce against the Debtor or the Buyer any claim, default, liability, event or condition which now exists with respect to any of the Assigned Contracts other than the payment of the Cure Amount required by the Purchase Agreement and this Order. No default, liability, event or condition which now exists with respect to any Assigned Contracts shall be grounds for termination by any such non-debtor party or alleged beneficiary under such Assigned Contracts of the rights of the Buyer or of the Debtor thereunder.

14. The failure of any non-debtor party to, or alleged beneficiary of, any Assigned Contracts or any other party to allege or assert, before or at the Sale Hearing, (i) any default, not

listed in this Order, existing on or before the date of this Order, (ii) any material waiver or failure to act, (iii) any act or statement contrary to the factual assertions set forth in the Sale Motion or (iv) any objection or defense to the entry of this Order, shall forever bar such non-debtor party or alleged beneficiary and all other such parties, and their respective successors and assigns, from asserting the same in any case, proceeding or action, in law or equity, against the Debtor or the Buyer, and such claims shall be and hereby forever are barred, terminated and extinguished.

15. The Debtor shall continue to be liable for the payment of all rent, liabilities and other charges due or which accrue under each of the Assigned Contracts from the Petition Date until assumption and assignment as of the Closing Date pursuant to this Order.

16. Pursuant to Bankruptcy Code Section 365(k), the Debtor shall not after the Closing Date have any obligation (including obligations with respect to breaches under) under any Assigned Contracts.

17. Any party other than the Debtor to any Assigned Contract is hereby forever barred form asserting any right to cure of defaults under Bankruptcy Code Section 365(b).

Reconsideration and Release of Liens

18. This Sale Order is deemed to operate as a release of all Liens on the Purchased Assets as of the Closing (except for the IRS Lien). All holders, including Eller, of Liens on any of the Purchase Assets are hereby directed to prepare, and file promptly after the Closing, if such Liens are recorded, releases of such Liens reasonably satisfactory to the Buyer. Effective upon the Closing, all warehousemen, carriers and similar lien holders or third party holders of assets of the Debtor are directed to release and provide the Debtor and the Buyer with immediate access to load and transport, to the Debtor for delivery to the Buyer (or to the Buyer after the Closing), any

property of the Debtor, without requiring payment of any kind, including charges for storage, transportation, loading or other costs, whereupon any Liens of such warehousemen, carriers, similar lien holders and third parties against particular assets shall attach to the Purchase Price at Closing allocable to such items.

19. This Sale order is binding on all filing agents and offices, all government departments and units, whether federal, state, local or of a foreign state (or subdivision thereof), who may be required by operation of law, or the duties of office or of contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Purchased Assets (all such entities being "Recording Officers"). All Recording Officers are authorized and specifically directed to strike all recorded Liens against any of the Purchased Assets recorded prior to the date hereof, except such recorded Lines that list the Buyer as the grantor, mortgagor or similar debtor party.

20. This Sale Order is deemed to be in recordable form sufficient to be placed in the filing or recording system maintained by any Recording Officer.

Miscellaneous Jurisdiction

21. The Debtor is hereby authorized to execute and deliver such closing and other confirmatory documents and to do such things as are necessary and appropriate, and as are reasonably requested by the Buyer, to implement and effectuate the provisions of this Order and the transaction approved hereby.

22. No bulk sales law, or similar law of any state or other jurisdiction shall apply in any way to the transaction contemplated by the Purchase Agreement, the Sale Motion and this Sale Order.

23. This Sale Order shall be effective immediately upon entry. Cause has been shown, in light of the state of the Debtor's business, to lift the stays provided for by Bankruptcy Rules 6004(g) and 6006(d), which are herby lifted. No automatic stay of execution applies with respect to this Sale Order.

24. This Court retains jurisdiction to:

   a. Interpret, implement and enforce the terms and provisions of this Sale Order (including the injunctive relief provided herein) and the Purchase Agreement, any subsequent amendments to, modifications of, consents relating to, or waivers thereof or any related documents, including any escrow provisions and agreements established in connection with the transactions contemplated thereby;

   b. Protect the Buyer, and any of the Purchased Assets, against any Lien;

   c. Compel delivery to the Buyer of Purchased Assets in the possession of parties other than the Debtor, including a determination that any Purchased Asset was property of the estate as of the Closing;

   d. Resolve any disputes arising under or relating to the Purchase Agreement, the Sale Motion, and this Sale Order; and

   e. Adjudicate all issues concerning (alleged) pre-Closing Liens on, and the proceeds of the sale of, the Purchased Assets.

25. The provisions of the Purchase Agreement, together with the provisions of this Sale Order, are binding on, and inure to the benefit of, the successors and assigns of the Debtor,

its estate, creditors and shareholders, any trustee whether in chapter 11 or chapter 7 and any examiner with expanded powers, and receiver for the Debtor or assignee for the benefit of its creditors, and are binding on and inure to the benefit of the successors and assigns of the Buyer.

*JBR* * insert

SO ORDERED.

Dated: Wilmington, Delaware
August 25, 2004

*Joel B. Rosenthal*
The Honorable Joel B. Rosenthal
UNITED STATES BANKRUPTCY JUDGE

\* insert

26. The Committee hereby withdraws its objection to the Sale with prejudice.

27. The secured claim of Karl Eller, including, without limitation, all liens and security interests securing same, set forth in the proof of claim filed on July 22, 2004, shall be and hereby is allowed.

28. ~~All claims and causes of action against the Debtor's officers and directors, in their capacity as such, to the extent such claims and causes of action exist under applicable state and federal law; provided, however, any such claim which may be asserted against Karl Eller shall be limited to applicable officer and director insurance coverage.~~ *JBR*

452.001-4571.doc

16